UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SYZAK,

    Plaintiff,

Case No. 15-10928

Honorable Nancy G. Edmunds

v.

FOOD SERVICE DIRECTOR BENSON,

    Defendant.

_____/

**OPINION AND ORDER SUSTAINING PLAINTIFF'S OBJECTION
TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

In a report and recommendation ("R & R") issued on March 9, 2017, Magistrate Judge Stephanie Dawkins Davis has recommended that this case be dismissed without prejudice in light of the failure of *pro se* Plaintiff Scott Syzak to take the steps necessary to ensure that the sole Defendant — Ms. Benson (first name unknown), who allegedly served as the food service director at the Macomb Correctional Facility at the time of the alleged incidents giving rise to this suit — was timely served with a summons and a copy of Plaintiff's complaint. Plaintiff has filed a single objection to the R & R, contending that he has established good cause for the failure to serve Defendant Benson, and that his status as an incarcerated prisoner prevents him from taking further steps to ensure the proper service of his complaint. As discussed briefly below, the Court agrees that Plaintiff has shown good cause for the U.S. Marshals Service's inability to serve his complaint to date, and finds that the Marshals Service should make further efforts to serve Defendant Benson using the information provided by Plaintiff.

The Magistrate Judge has ably recounted the history of the Marshals Service's attempts to serve Defendant Benson with the complaint. (*See* R & R at 1-3.) Most recently, after it was determined that Ms. Benson (i) was employed by an outside vendor, Aramark, rather than the Michigan Department of Corrections, and (ii) no longer worked at the Macomb Correctional Facility, the Magistrate Judge issued an order directing the Marshals Service to serve Ms. Benson at an address in Detroit that evidently is associated with Aramark. (*See* 9/17/2015 Order at 1.) When this latest attempt at service again did not succeed, the Magistrate Judge issued a June 28, 2016 order directing Plaintiff to show cause why this case should not be dismissed for failure to provide an address at which Defendant Benson could be served with the complaint. In response, Plaintiff insisted that since he was incarcerated and lacked access to the internet or other research tools, he had no means to uncover additional information regarding Defendant Benson's address or whereabouts, and he requested that the Court or the Marshals Service make further efforts to locate Ms. Benson.[1] Similarly, in his present objection to the Magistrate Judge's R & R, Plaintiff maintains that dismissal is unwarranted because he has done all he can to identify an address at which Defendant Benson might be served, and he again asks that the Marshals Service be instructed to make further efforts to locate and serve Ms. Benson.

Upon reviewing the R & R, Plaintiff's objection, and the remainder of the record, the Court finds that Plaintiff has taken sufficient steps to date to avoid the dismissal of this suit for lack of service, and that he has established the requisite "good cause" under Federal Rule of Procedure 4(m) for directing the Marshals Service to make another attempt to

---

[1] Plaintiff made a similar request for assistance in a June 16, 2015 motion.

2

locate and serve Defendant Benson. Most notably, the record does not disclose precisely why the latest attempt at service did not succeed — the relevant docket entry shows only that the summons and complaint were sent by certified mail to "Aramark Ms. Benson" at the "Macomb Correctional Facility" located at an address on Ryan Street in Detroit, and that this delivery failed on the ground that there was "NO SUCH NUMBER." (Dkt. 21.) From this record, it cannot be said whether this failure of service was due to a faulty street address for an Aramark facility in Detroit, the curious reference to the "Macomb Correctional Facility" where Ms. Benson previously (but no longer) was employed, or some other reason. Certainly, this record provides no basis for concluding that Ms. Benson cannot be located and served through a corporate address for her apparent employer, Aramark, or that a straightforward inquiry to Aramark would not reveal additional information concerning Ms. Benson's current employment status and whereabouts.

As correctly observed in the R & R, it is Plaintiff's burden under Rule 4(m) to establish good cause for a failure to timely serve his complaint, and a plaintiff, even if incarcerated, "may not remain silent and do nothing to effectuate service." (R & R at 3-4 (internal quotation marks and citation omitted).) Yet, in *Abel v. Harp,* No. 03-4474, 122 F. App'x 248, 252 (6th Cir. Feb. 16, 2005), the Sixth Circuit found that an incarcerated plaintiff who was proceeding *in forma pauperis* satisfied the "good faith" standard of Rule 4(m) by "d[oing] what he could to effect personal service through the Marshals Service," including alerting the Marshals Service to problems in the agency's attempts at service. *See also Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996) (explaining that a plaintiff who proceeds *in forma pauperis* must take "reasonable steps . . . to identify for the court the defendants named in the complaint"); *Graham v. Satkoski,* 51 F.3d 710, 713 (7th Cir. 1995) (holding

that a prisoner proceeding *in forma pauperis* "need furnish the Marshals Service only with information necessary to identify the defendants," and that "once [a defendant] former prison employee is properly identified, the Marshals Service should be able to ascertain the individual's current address and, on the basis of that information, complete service"). As explained, the Court finds that Plaintiff here has done all he can, at least to date, to enable the Marshals Service to effect service on Defendant Benson, as he has identified Ms. Benson's employer, her former place of employment, and the position she held at the time of the alleged incidents giving rise to this case. This suffices to establish "good cause" under Rule 4(m) for extending the time for the Marshals Service to effect service on Defendant Benson, using the identifying information supplied by Plaintiff.

For these reasons, the Court SUSTAINS Plaintiff's objection [28] to the Magistrate Judge's report and recommendation [27]. In accordance with this ruling, the Court directs the U.S. Marshals Service to again attempt service of a summons and a copy of the complaint upon Defendant Benson at the appropriate Aramark corporate office.[2] If this attempt should prove unsuccessful, the Marshals Service is instructed to attempt service at the last known address for Ms. Benson as provided by Aramark.

SO ORDERED.

                                        s/Nancy G. Edmunds
                                        Nancy G. Edmunds
                                        United States District Judge

---

[2]In an earlier September 17, 2015 order, the Magistrate Judge identified Aramark's address as 18875 Ryan Street in Detroit. It is not clear how this address was determined or if it is accurate, but the Court requests that the Marshals Service take reasonable steps to identify an appropriate address for Aramark before attempting to serve Ms. Benson.

4

Dated: July 12, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 12, 2017, by electronic and/or ordinary mail.

                                          s/Carol J. Bethel
                                          Case Manager