UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SYZAK,                       Case No. 15-10928

        Plaintiff,                     Nancy G. Edmunds
v.                               United States District Judge

BENSON,                        Stephanie Dawkins Davis
                                  United States Magistrate Judge

        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**RULE 41(b) DISMISSAL AND MOTION TO DISMISS (Dkt. 43)**

**I.**       **PROCEDURAL HISTORY**

Plaintiff, a prisoner in the custody of the Michigan Department of Corrections, filed this civil rights complaint on March 12, 2015. (Dkt. 1). On July 13, 2017, this case was referred to the undersigned by District Judge Laurie J. Michelson for all pretrial purposes. (Dkt. 30).

On January 4, 2018, defendant Anna Benson filed a motion to dismiss the complaint. (Dkt. 43). The following day, the Court ordered plaintiff to respond to the motion to dismiss by February 20, 2018. (Dkt. 44). In that Order, the Court warned plaintiff that "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party**." (Dkt. 44, Pg ID 226) (emphasis in original). Having not received plaintiff's

response by the deadline, on April 2, 2018, the undersigned ordered plaintiff to show cause in writing by April 23, 2018 why the court should not dismiss his complaint because of his failure to file a response. (Dkt. 46).[1] Alternatively, the court told plaintiff that he could file a response to the motion to dismiss by April 23, 2018. *Id*. Again, the court warned plaintiff that "**[f]ailure to timely or adequately respond in writing to this Order to Show Cause or timely file a response to the motion to dismiss will result in a recommendation that the motion be granted or that the entire matter be dismissed under Rule 41(b).**" *Id*. (emphasis in original).

As of the date of this Report and Recommendation, plaintiff has not filed a response to the court's order to show cause or a substantive response to the motion to dismiss. Consequently, for the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint against defendant Benson be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that her motion to dismiss be **TERMINATED** as moot.

---

[1] On January 24, 2018, plaintiff submitted a one page letter indicating that the prisoner who was performing his legal work was transferred to another prison. He also said that he cannot respond to the motion to dismiss because he does not understand it. He says that he cannot prosecute the case on his own. (Dkt. 45). Notably, in the month preceding plaintiff's letter the Court denied his request for appointment of counsel (Dkt. 42), finding amongst other things, that the issues presented are not unduly complex and that plaintiff had not alleged facts sufficient to support his claim of limited law library access. Plaintiff did not provide any substantive response to the motion to dismiss.

## II. ANALYSIS AND CONCLUSIONS

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate

3

>could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  On balance, these factors weigh in favor of dismissal here.  With respect to the first factor, similar to the facts in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault."  *Id*.  Regardless, "defendants cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case."  *Id*.  For these reasons, the first and second factors weigh in favor of dismissal.

Moreover, based on the warnings given to plaintiff, the third factor also clearly weighs in favor of dismissal.  This court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, where defendants expended resources on an abandoned action and lesser sanctions would prove useless.  *See e.g.*, *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012).  Importantly, despite the court's warnings that his action may be dismissed, plaintiff failed to respond to the court's order to show cause.  (Dkt. 46).  First, the court warned plaintiff that a failure to respond to the motion to dismiss may result in sanctions, including

granting all or part of the relief requested by defendant. (Dkt. 44). After plaintiff did not respond, the show cause order indicated that a failure to respond "**will result in a recommendation that the motion be granted or that the entire matter be dismissed under Rule 41(b).**" (Dkt. 46) (emphasis in original). Despite these clear warnings, plaintiff has provided no good reason why the undersigned should not dismiss defendant Benson. *See Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013).

    Finally, given plaintiff's failure to respond to the court's order to show cause, the undersigned sees no utility in considering or imposing lesser sanctions. Indeed, having already overcome one recommendation for dismissal (Dkts. 27, 28 and 29), it is noteworthy that plaintiff has not taken meaningful steps to advance the prosecution of his case. Plaintiff's sole filing since successfully challenging the recommendation for dismissal was a motion for appointment of counsel some eight months ago which was denied <u>without prejudice</u> – thus leaving plaintiff with the opportunity to revise his request should the matter survive dispositive motions.[2] Yet, plaintiff has in fact made no effort to substantively respond to the defendant's

---

2 The undersigned does not include the letter to the Court (Dkt. 45) referenced earlier, as the same was not presented as a motion or other pleading requiring a response from defendant.

filings. Consequently, taken together, these factors support dismissal for failure to prosecute. It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck* 2013 WL 511031, at *2; *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately).

The undersigned concludes that, for the reasons discussed above, plaintiff has effectively abandoned his case against defendant Benson by failing to file a response to the motion to dismiss as ordered, and for failing to comply with the show cause order of the Court. Under these circumstances, dismissal with prejudice is appropriate.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that

6

plaintiff's complaint against defendant Benson be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that defendant's motion to dismiss (Dkt. 43) be **TERMINATED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

| | |
|---|---|
| Date: May 25, 2018 | s/Stephanie Dawkins Davis<br>Stephanie Dawkins Davis<br>United States Magistrate Judge |

## CERTIFICATE OF SERVICE

     I certify that on May 25, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by U.S. Postal Service to the following non-ECF participant: Scott Syzak #215189, Michigan Reformatory, 1342 West Main Street, Ionia, MI 48846.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov

8